UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH POINDEXTER,

        Petitioner,        Case Number: 15-CV-10105

v.        Honorable Patrick J. Duggan

RANDALL HAAS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, and DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

### I. INTRODUCTION

Petitioner Kenneth Poindexter, a state prisoner currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is serving a term of imprisonment of 23 to 60 months for forgery. The Court finds that the petition fails to state a claim upon which habeas relief may be granted and denies the petition.

### II. BACKGROUND

According to the petition, a warrant was issued for Petitioner on June 8, 2011, in Emmet County. When purchasing a motorcycle, Petitioner gave a false name at the

time of obtaining the title. After the warrant was issued, Petitioner was incarcerated in Illinois on June 8, 2011, on an unrelated charge. He remained incarcerated in Illinois until he was returned to Michigan on November 26, 2013.

On December 20, 2013, Petitioner pleaded guilty in Emmet County Circuit Court to document forgery. On February 12, 2014, Petitioner was sentenced to 23 to 60 months in prison. The trial court denied defense counsel's motion to credit Petitioner's sentence for the time served in Illinois prior to his return to Michigan.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals challenging the trial court's refusal to provide him jail credit for the time he was incarcerated in Illinois. The Michigan Court of Appeals denied leave to appeal. *People v. Poindexter*, No. 321554 (Mich. Ct. App. June 6, 2014). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was also denied. *People v. Poindexter*, 497 Mich. 871 (2014).

Petitioner then filed the instant habeas petition. He raises this claim:

Where the trial court judge acknowledged that Petitioner was not on parole, due process requires correction of the judgment of sentence to provide for jail credit for the time he was incarcerated in Illinois and unable to post bond due to a bond increase caused by the issuance of a warrant in the instant case.

### III. LEGAL STANDARD

#### A.

2

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right; therefore, the petition will be dismissed.

## B.

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

..

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 364-65, 120 S. Ct. 1495, 1497-98 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S. Ct. at 1522.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 2066 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 360 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long

as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, –, 131 S. Ct. 770, 786 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

5

*Id.* at 786–87.

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, – U.S. –, 131 S. Ct. 1388, 1398 (2011).

## IV. DISCUSSION

Petitioner raises a single sentencing-related claim for habeas relief. He argues that the trial court erred in denying his request for sentencing credit for the time that he was incarcerated in Illinois prior to being transferred to the custody of the Michigan Department of Corrections.

According to Petitioner, on June 8, 2011, a warrant was issued for his arrest in connection with the forgery charge that is the subject of this petition. On roughly that same date, Petitioner reported for a pretrial hearing in Will County, Illinois Circuit Court related to a burglary charge. Petitioner previously had posted bond in that case. However, on that date, the trial court was advised that Petitioner had been charged with the Michigan crime while he was on bond. Based upon that, and other factors, the trial court substantially increased his bond. Petitioner was unable to post the

increased bond. Petitioner argues that, because the Michigan warrant served to increase his bond, he should have been given credit for time served in Illinois from the date his bond was raised until the disposition of his Michigan case.

This ground for relief is not cognizable in this federal habeas corpus proceeding because it challenges the state court's interpretation and application of its sentencing laws. A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Claims challenging whether and/or how much jail credit is applied to state sentences under state law are a matter of state law and not cognizable on federal habeas review. *See Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254.") "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990). Therefore, this claim is not cognizable on federal habeas review.

Moreover, the Michigan trial court's denial of Petitioner's motion for credit for time served appears to be based upon the court's sound interpretation of Michigan law. Under Michigan law, a "defendant is only entitled to sentence credit for time served as a result of being denied or unable to furnish bond 'for the offense of which

he is convicted.'" *People v. Patton*, 285 Mich. App. 229, 238, 775 N.W.2d 610, 617 (2009) (quoting *People v. Adkins*, 433 Mich. 732, 742, 746, 449 N.W.2d 400, 404 (1989)). In this case, Petitioner was denied bond for a crime of burglary for which he ultimately was convicted in Illinois state court and, therefore, was not denied bond for the offense of which he was convicted in Michigan.

## V. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.

Therefore, the Court will deny a certificate of appealability. The Court will also deny Petitioner permission to proceed in forma pauperis on appeal.

## VI.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE**. Petitioner is **DENIED** permission to proceed in forma pauperis on appeal.


                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

DATE: February 27, 2015

Copies to:
Kenneth Poindexter